FILED
DECEMBER 4, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No.: **07 C 6808** |
| CHRISTY WEBBER COMMERCIAL COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, | ) ) ) ) ) | Judge: **JUDGE CASTILLO MAGISTRATE JUDGE KEYS** |
| Defendants. | ) | |

# COMPLAINT

Plaintiff Construction and General Laborers' District Council of Chicago and Vicinity ("District Council"), on its own behalf and on behalf of the trustees of the District Council Labor-Management Cooperation Committee ("LDC/LMCC"), the Laborers-Employers Cooperation Education Trust ("LECET") and Concrete Contractors Association ("CCA"), for its Complaint against Defendant CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, for failure to timely remit wage deductions to the District Council and certain employer contributions, states:

## COUNT I
### FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS AND EMPLOYER CONTRIBUTIONS IN VIOLATION OF LMRA SECTION 301

1.      The District Council is a labor organization within the meaning of the Labor Management Relations Act ("LMRA") Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

2.      The LDC/LMCC, LECET and CCA are labor-management cooperation

committees that maintain their principal offices in this district. The LDC/LMCC, LECET and CCA are funded primarily by employer contributions required by collective bargaining agreements negotiated by the District Council. The trustees of the LDC/LMCC, LECET and CCA have authorized the District Council to act on behalf of the LDC/LMCC, LECET and CCA for purposes of collecting contributions owed, and the District Council brings this action on their behalf. (LDC/LMCC, LECET and CCA will be referred to collectively as "the Affiliated Organizations.")

3. Defendant CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC. (the "Defendant Company"), conducts business within this district and is incorporated in this State. Defendant Company is an employer within the meaning of LMRA Section 101(a), 29 U.S.C. § 152(2).

4. Defendant CHRISTY WEBBER ("Webber") resides in this District and is the principal officer and, on information and belief, majority shareholder of Defendant Company. Webber is and at all relevant times has been an "employer" within the meaning of LMRA Section 101(a), 29 U.S.C. § 152(2).

5. Jurisdiction and venue are properly vested in this Court under LMRA Sections 301(a) and (c), 29 U.S.C. §185(a) & (c).

6. The District Council has maintained successive labor agreements with Defendant Company, the most recent of which is effective by its terms from June 1, 2006 to May 31, 2010 (the "Agreement").

7. Under the Agreement, Defendant Company is obligated to (a) deduct initiation fees and monthly dues from its employees' wages pursuant to a written assignment from its employees, in amounts designated by the District Council, and (b) remit them to the District

Council not later than the tenth day of the following month, along with dues remittance reports. Employers who fail to remit union dues are also liable to pay an additional 10% in liquidated damages to the District Council and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

8. Pursuant to the Agreement, Defendant Company is bound by the Affiliated Organizations' governing trust documents and is obligated to pay contributions for each hour worked by its employees to the Affiliated Organizations. Defendant Company is required to remit contributions to the District Council for transmittal to the Affiliated Organizations along with a remittance report.

9. Pursuant to the Affiliated Organizations' governing trust documents, employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages, and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

10. For the work month of September 2007 and continuing through the present, the Defendant Company has failed timely remit industry fund contributions to the District Council.

11. For the work month of September 2007 and continuing through the present, the Defendant Company has failed to properly deduct and remit all union dues from employees' wages to the District Council.

12. The Defendant Company has also incurred shortages in its union dues remittances for work months of July 2007 and August 2007, which remain unpaid.

13. By the aforementioned conduct, the Defendant Company has breached the Agreement in \violation of Section 301 of the LMRA and has caused damage to the District Council and the Affiliated Organizations, including lost earnings and administrative costs.

14. The Defendant Company is also liable for accrued liquidated damages incurred for its previous untimely union dues remittances for the month of July 2007.

WHEREFORE, based on Count I of this Complaint, Plaintiff respectfully requests that this Court enter judgment against Defendant CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., containing the following relief:

(a) ordering CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., to pay all unremitted union dues and industry trust fund contributions required by the Agreement, as well as 10% as liquidated damages;

(b) ordering CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., to pay all liquidated damages and shortages previously accrued;

(c) ordering CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., to pay all costs of collection, including reasonable audit fees, attorneys' fees and costs;

(d) ordering CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., to remit all future dues and industry trust fund contributions on a timely basis; and

(e) ordering such other relief as this Court deems just and proper.

## COUNT II
**CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY DEDUCTING AND FAILING TO REMIT WAGES**

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of Count I as paragraphs 1-14 of Count II.

16. Plaintiff District Council is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this District.

17. Defendant CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC. ("Defendant Company") is an Illinois corporation that maintains offices and conducts business

within this District.

18.  Defendant CHRISTY WEBBER ("Webber") resides in this District and is the principal officer and, on information and belief, majority shareholder of Defendant Company.

19.  This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

20.  Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

21.  During the period of July 2007 and continuing through the present, Defendant Company's employees performed work for the Company and earned wages.

22.  On information and belief, each of Defendant Company's employees executed written assignments authorizing and directing the Defendant Company to withhold moneys from their wages for remittance to the District Council in satisfaction of union dues and fee obligations.

23.  On information and belief, since at least July 2007 pursuant to the wage assignments, Defendants deducted money from the employees' wages, but failed to properly remit those amounts to the District Council.

24.  On or about August 22, 2007, September 18, 2007 and September 28, 2007, the District Council demanded payment of the moneys deducted from the employees' wages and withheld by the Defendants. Defendants failed to return those moneys to Plaintiff.

25.  Defendant Company's conduct violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

26.  At all material times, Webber acted directly in the interest of Defendant Company in relation to its employees.

27. At all material times, Webber controlled the terms and conditions of employment of Defendant Company's employees and exercised control over the payment of wages and the withholding of moneys from employees' wages.

28. At all material times, Webber controlled all disbursements made by Defendant Company, including the issuance of payroll checks and dues remittance checks.

29. Webber knowingly permitted Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to the District Council.

30. Webber personally and actively conducted or participated in the actions of Defendant Company alleged above causing injury to the District Council. Webber, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for the Defendant Company's failure to properly deduct moneys from employees' wages and remit those moneys to the District Council for payment of union dues.

WHEREFORE, based on Count II of this Complaint, Plaintiff respectfully requests this Court to enter judgment against CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, as follows:

- (a) finding that CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, violated the Illinois Wage Payment and Collection Act;

- (b) ordering CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, jointly and severally to pay the District Council all moneys that they failed to properly withhold and remit to the District Council, plus interest;

- (c) ordering CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, jointly and severally, to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; and

    (d)    granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT III
## CONVERSION CLAIM AGAINST
## CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually,

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 of Count II as paragraphs 1-30 of Count III.

32. Pursuant to the wage assignments executed by each of Defendant Company's employees, the District Council has a right to all wages deducted from employees' wages for remittance to the District Council as union dues and fees.

33. After the Defendant Company and Webber deducted and withheld money from its employees' wages assigned by the employees to the District Council for payment of union dues and fees, the District Council had an absolute right to immediate possession of those moneys.

34. After Defendant Company and Webber withheld wages from its employees wages assigned by the employees to the District Council for payment of union dues and fees, the Defendant Company and Webber were without right or authorization to possess those moneys.

35. Since at least July 2007 and continuing through the present, the Defendant Company and Webber deducted and withheld moneys from employees' wages for union dues and fees, but did not remit that money to the District Council, and the Defendant Company and Webber appropriated that money for its own use and benefit; and thereby permanently deprived the District Council of its property.

36. Plaintiff has made demand for possession of the monies, but Defendant Company and Webber have not turned over the amounts deducted from the employees' wages.

37. Through the acts and conduct alleged above, Defendant Company and Webber wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

38. Webber personally withheld moneys from the wages of the employees or personally caused another to withhold those moneys. After the withholding of the employees' wages assigned to the District Council as union dues and fees, the District Council had an absolute right to immediate possession of those moneys.

39. Webber knowingly failed to remit to the District Council moneys withheld from the employees' wages, or personally caused another to fail to remit those moneys to the District Council following the withholding of those moneys. Webber was without right or authorization to possess those moneys.

40. Webber appropriated, for her own use and benefit, the moneys withheld from the employees' wages.

41. Plaintiff has made demand for possession of the monies, but Webber has not turned over the amounts deducted from employees' wages.

42. Through the acts and conduct alleged above, Webber wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

WHEREFORE, based on Count III of this Complaint, Plaintiff respectfully requests this Court to enter judgment against CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, as follows:

    (a) finding that CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, personally and individually, wrongfully converted the District

           Council's property;

(b)     ordering CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, jointly and severally, to pay the District Council all moneys that they failed to properly withhold and remit to the District Council, including interest and liquidated damages;

(c)     ordering CHRISTY WEBBER COMMERCIAL LANDSCAPES, INC., and CHRISTY WEBBER, individually, jointly and severally, to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs; and

(d)     granting all other such legal and equitable relief as the Court deems just and proper.

                                                    Respectfully submitted,

                                                    <u>/s/ LaKisha M. Kinsey-Sallis</u>
                                                    LaKisha M. Kinsey-Sallis
                                                    One of Plaintiff's Attorneys

J. Peter Dowd
Michele M. Reynolds
Justin J. Lannoye
LaKisha M. Kinsey-Sallis
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361